

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom F. Coleman
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion Number O-5481
Re: Purposes for which bonds
may be voted in independ-
ent school districts.

We have received your letter of July 21, 1943, which
reads in part as follows:

"The Hudson Independent School District of
this county desires to hold an election to de-
termine whether or not the voters desire to
issue bonds for the purpose of constructing a
building to be used as a class room and repair-
ing the existing buildings, as well as for buy-
ing certain necessary equipment for the new
building. The question presented is whether
or not an election can be held to issue bonds
'for the construction, repairing and equipment
of public free school buildings within the limits
of the Hudson Independent School District.' Will
it be necessary to vote one bond issue for the
construction of the proposed new building and
another bond issue to be used for the repairing
of the existing buildings?

"Article 2784 gives the district trustees
power to levy a tax to provide for the interest
and sinking fund for bonds issued for ' the pur-
chase, construction, repair or equipment for

COMMUNICATION IS TO BE

public free school buildings within the limits
of such district.' Article 2786 provides that
the petition must contain the purpose for which
the proceeds of the bonds must be used. There
is no provision against using the proceeds of
the bonds for more than one lawful purpose; nor
is authority provided for so doing.

"It is my opinion that it is to the best int-
erest of the district to vote one bond issue to
be used for both purposes named above."

Article 2784, Revised Civil Statutes of Texas, author-
izes the levying of taxes by common and independent school
districts for certain purposes, among which are the following:

"2. In common school and independent districts,
for the purchase, construction, repair or equip-
ment of public free school buildings within the
limits of such districts and the purchase of the
necessary sites therefor, a tax not to exceed
fifty cents on the one hundred dollars valuation,
such tax to be for the payment of the current int-
erest on and provide a sinking fund sufficient to
pay the principal of bonds which said districts
are empowered to issue for such purposes." (Em-
phasis supplied)

Article 2786 provides in part as follows:

"Whenever the proposition to issue bonds is
to be voted on in any common or independent school
district hereunder, the petition, election order
and notice of election must distinctly specify
the amount of the bonds, the rate of interest,
their maturity dates, and the purpose for which
the bonds are to be used. * * * "

Honorable Tom F. Coleman, page #3

There can be no doubt that bonds may be issued for the construction of school buildings or for the repair of school buildings or for the equipment of such buildings. Therefore, a school district could vote an issue of bonds for one purpose and also vote another issue of bonds for one of the other purposes. But does this mean that one issue covering more than one purpose can not be voted? We do not think so. It would be a vain and pointless requisite to require separate bond issues and elections, for only additional inconvenience and expense would result.

Certainly the Legislature knew that when new school buildings are constructed, most of them require the purchase of new equipment. Surely the Legislature did not contemplate the holding of separate elections and the voting of separate bond issues. We think it clear that one bond issue may be voted covering the various purposes. This view is consistent with the established practice of this department in approving school bonds.

You are, therefore, advised that one issue of bonds may be voted in an independent school district "for the construction, repair, and equipment of public free school buildings" within the limits of such district.

APPROVED AUG 4, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

GWS-s

Very truly yours

ATTORNEY GENERAL OF TEXAS

BY George W. Sparks
George W. Sparks
Assistant



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN